**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JEFFREY KUNTZ,**<br>    Plaintiff**,**<br>vs.<br>**BANK OF AMERICA N.A.,**<br>    Defendant**.** | CASE NO. 19-cv-02946-YGR<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. No. 10 |

Defendant's motion to dismiss only raises one issue – whether a cause of action for inadequate notice under Section 1691(d) of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d), requires an allegation that the plaintiff is a member of a protected class. (*See* Dkt. No. 10 ("MTD") at 2.) The Ninth Circuit has not addressed this issue and courts within the Circuit have split on the issue. *Compare Harvey v. Bank of Am., N.A.*, 906 F.Supp.2d 982, 990-91 (N.D. Cal. 2012) (citing *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1045 (N.D. Cal. 2009) (iterating the elements of an ECOA claim articulated in *Hafiz* and dismissing plaintiff's ECOA claims, including inadequate notice under Section 1691(d), for failure to allege her membership in a protected class) *with Banks v. JPMorgan Chase Bank, N.A.*, No. LA 14-cv-06429 JAK, 2015 WL 2215220, at *5 (C.D. Cal. May 11, 2015) (denying motion to dismiss plaintiff's Section 1691(d) ECOA claim and finding that "neither the borrower's membership in a protected class nor the lender's discrimination is an element of a claim under 15 U.S.C. § 1691(d)").

The Court finds persuasive and adopts the analysis by those courts that have found that membership in a protected class is not an element of a claim of inadequate notice under Section

1691(d) of the ECOA.[1]  *See id.*; *Vasquez v. Bank of Am. N.A.*, No. 13-cv-02902-JST, 2013 WL 6001924, at *10-12 (N.D. Cal. Nov. 12, 2013) (finding that the elements of an ECOA claim articulated in *Hafiz* do not apply to the ECOA's procedural notice and response requirements); *Green v. Central Mortg. Co.*, 148 F.Supp.3d 852, 879 (N.D. Cal. 2013) (same); *Perryman v. JPMorgan Chase Bank, N.A.*, No. 1:16-cv-00643, 2015 WL 444210, at *7 (E.D. Cal. 2016) (same); *see also Errico v. Pac. Capital Bank, N.A.*, 753 F.Supp.2d 1034, 1042 (N.D. Cal. 2010) (citing *Dufay v. Bank of Am.*, 94 F.3d 561 (9th Cir. 1996) ("As a preliminary matter, a procedural violation of the notice provisions of ECOA may provide the basis for a cause of action even without regard the allegations of discrimination."); *Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1210 (9th Cir. 2013) (referring to the procedural notice requirements of the ECOA as "[o]ne way that ECOA effectuates" the goal of effectuating the broader antidiscrimination purpose of the statute). Accordingly, the Court **DENIES** defendant's motion to dismiss. Defendant shall file its answer to plaintiff's complaint no later than twenty-one (21) days from the date of this Order.

This Order terminates Docket Number 10.

**IT IS SO ORDERED.**

Dated: August 21, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] The Court finds unpersuasive the cases relied upon by defendant. (*See* MTD at 4; Dkt. No. 19 ("Reply") at 1-2.) In *Harvey*, the court applied the *Hafiz* ECOA discrimination elements to a notice claim without analysis. *See* 906 F.Supp.2d at 990-91. In *Owens v. Bank of Am., N.A.*, this Court, in a case predating those adopted by the Court above, did the same as the argument presented here was not before the Court. *See* No. 11-cv-4580-YGR, 2012 WL 5340577, at *4 (N.D. Cal. Oct. 25, 2012); No. 11-cv-4580-YGR, Docket Number 99. In *Saterbak v. Nat'l Default Servicing Corp.*, the court adopted the approach by the *Harvey* court without analysis. *See* No. 15cv956-WQH-NLS, 2015 WL 5794560, at *16 (S.D. Cal. Oct. 1, 2015)  In *Banks v. JPMorgan Chase Bank, N.A.*, although the court did dismiss plaintiff's Section 1691(d) claim for failure to allege membership in a protected class, relying on *Hafiz* and *Harvey*, No. CV 14-06429-JAK (FFMx), 2014 WL 6476139 (C.D. Cal. Nov. 19, 2014), the court subsequently found the plaintiff's renewed argument, very similar to the one articulated here, persuasive. *See Banks*, 2015 WL 2215220, at *5 (finding that "[o]n further view, [p]laintiff's argument is persuasive" and that "neither the borrower's membership in a protected class nor the lender's discrimination is an element of a claim under 15 U.S.C. § 1691(d)").